FINCH *et al.* v. PARK *et al.* (ASK, *Intervener.*)

Defendant, under execution lien subsequent to plaintiff's attachment, which was subsequent to attachment of A, had the property sold on execution. A received enough to satisfy his judgment, partly from proceeds of the sale, and partly by note of the sheriff in settlement of money he had misappropriated from proceeds of the sale. *Held* that in determining liability of defendant to plaintiffs neither is to be charged with the money converted by the sheriff, and defendant is not to be credited with the note given A by the sheriff, though A's judgment will be treated as satisfied, but only with the money paid A and what is still in the hands of the sheriff.

(Opinion filed February 12, 1902.)

Appeal from circuit court, Brookings county. HON. JULIAN BENNETT, Judge.

Action by George R. Finch and others, surviving partners of Finch, Van Slyck, Young & Co., against H. A. Park and another, partners as Park & Grant, defendants, and James W. Ask, intervener. From the judgment, plaintiffs appeal. Reversed.

*Chas. S. Whiting* and *Murphy & Ewing,* for appellants.

Where one has money which in equity and good conscience belongs to another, that other may recover therefor in an action for money had and received. Finch *et al.* v. Park *et al.,* 80 N. W. 155; Simes v. Pierre Sav. Bk. 64 N. W. 167; 3 Amer & Eng. Ency. Law, 2nd ed. 168; Brandt v. Williams, 13 N. W. 42; Walker v. Conant, 31 N. W. 786; Chapman v. Sutton, 32 N. W. 683; Hoebler v. Myers, 30 N. E. 963; Kingston Bank v. Eltinge, 40 N. Y. 391.

Intervenor had prior attachment and was in possession of the goods. Under the statute the sheriff without execution could sell the perishable goods and collect accounts and the money so obtained became a fund for the payment of judgments in order of liens, and if dissipated the judgments were in fact really satisfied. Harris v. Evans, 81 Ill. 420; Matter of Dawson, 20 Abbott's N. C. 189; Peck v. Tiffany, 2 N. Y. 451; Hollerton & Stetson v. Petrie, 82 N. W. 199; Walker v. Commonwealth, 98 Am. Dec. 641; Campbell v. Spence, 39 Am. Dec. 305; 11 Amer. & Eng. Ency. Law, 713; Ladd v. Blunt, 4 Mass 402; Fuller v. Loring, 42 Me. 481.

*Geo. W. Case* and *John C. Jenkins,* for respondents.
*Mathews & Murphy* and *P. C. Truman,* for intervener.

FULLER, J. This action by an attaching creditor to recover the proceeds of property which the defendants, with full knowledge of the attachment, caused the sheriff to sell on execution, resulted in a judgment for the defendants, and plaintiffs appeal.

So far as the questions of law to be determined are concerned, and for the purpose of simplifying a complicated case, the introductory facts may be stated thus: James W. Ask, the intervener, and plaintiffs, the surviving members of a firm of wholesalers, were, in the order named, attaching creditors of a common debtor at a time when the defendants, whose attachment had failed, wrongfully seized under an execution and sold of the attached property an amount sufficient to satisfy their judgment, which, with statutory costs amounted to $1,334.25. To be more specific, it may be said that on the 28th day of October, 1895, when Mr. Ask levied his attachment, John Armstrong, the attachment debtor, owed him $2,350, and on the following day the defendants, Park & Grant, levied their attachment on the same property to secure a claim of $1,193. Im-

mediately thereafter plaintiffs levied an attachment on the same property to secure a claim of $2,160. On December 27, 1895, on motion of Mr. Armstrong, an order was entered in the circuit court vacating and setting aside all three of these attachments, but by proper undertakings they were continued in force pending an appeal to this court, where the orders of the trial court dissolving the Ask attachment and plaintiffs' attachment were reversed, but the order dissolving the attachment of the defendants, Park & Grant, was in all respects affirmed, thus making plaintiffs' attachment subject only to that of the intervener. Having in the meantime reduced their claim to judgment, the defendants, Park & Grant, as stated above was in all respects confirmed, thus making plaintiffs' subject only caused attached property to be sold on an execution which was returned duly satisfied, while the appeal from the order dissolving their attachment was pending in this court. Although tacitly conceding that defendants' attachment was wrongful from the beginning, and their execution lien subsequent and inferior to the attachment liens of plaintiffs and the intervener, their counsel maintain, in support of the judgment appealed from, that plaintiffs cannot complain, for the reason that the defendants obtained from the proceeds of the property sold on execution much less than the aggregate amount of the intervener's prior claim, at a time when plaintiffs neither had possession nor the right to possession, and that the delinquent sheriff still has, or ought to have, in his hands, sufficient proceeds of the attached property to pay all that is sought to be recovered by this action. Now, as a matter of fact, the trial court dismissed on its merits the complaint of James W. Ask, the intervener, whose attachment was first in order of time, and the following finding of fact amply justifies such action: "On March 31, 1898, said intervener, with full knowledge of all the facts and circum-

stances surrounding and connected with the satisfaction of defendants' judgment out of said attached property as aforesaid, commenced an action in said circuit court as plaintiff against said G. A. Lindskog, as said sheriff, and his bondsmen, as defendants, upon his official bond given as said sheriff, to recover the sum of $949, with interest thereon at the rate of seven per cent per annum from March 3, 1898, as damages alleged to have been occasioned him by said sheriff by the alleged wrongful sale, loss, conversion, and dissipation of certain of said attached property thereof, including as part thereof all the property and proceeds thereof disposed of in satisfaction of defendants' judgment, which action and the cause thereof were afterwards settled between said Ask and said sheriff by the said G. A. Lindskog executing and delivering to Dinah Ask, wife of James Ask, for the said James Ask, and at his request, his promissory note for the sum of $1,025.72, being sufficient to cover the balance due said James Ask upon his said judgment against the said John Armstrong; the payment of which note said G. A. Lindskog secured by executing and delivering to said Dinah Ask a mortgage upon a quarter section of land then owned by said Lindskog in said Brookings county, of greater value than the amount of said note." Had defendants, after the wrongful sale, permitted the entire amount of their claim to remain in the hands of the sheriff pending the appeal from the orders dissolving the several attachments, the $5,400 received from the sale of the property and $400 worth of book accounts yet in his hands would still represent the total assets of the judgment debtor, although defendants contend, in effect, that to such assets should be added the amount of the note executed by the sheriff in payment of the balance due Ask, as shown by the foregoing finding of fact. That the sheriff gave his secured note in settlement of and to represent money

that he had misappropriated from the proceeds of the sale to which
Ask was entitled is the only reasonable view to take of the trans-
action, and the defendants, but for whose unwarranted interference
with the property these attaching creditors would have received
at least $1,298.15 more than was realized before the note was given,
are, so long as plaintiffs' claim is partially unsatisfied, in no posi-
tion to receive benefit from what Ask has been able to reclaim from
a wrongdoer whose acts they instigated. Beyond the $1,000 which
the intervener secured from the delinquent sheriff, and the trial
court rightfully applied in full payment of his judgments, no party
to this suit should be called upon to answer for what the sheriff
wrongfully retained. Therefore, under the circumstances of the
case, the sheriff should not be regarded as the agent of the attach-
ing creditors nor of the defendants in a sense that requires either to
account to the other for money derived from the sale of the prop-
erty and squandered by the sheriff or appropriated to his own use.
Apparently without legal authority the sheriff retained a little over
$1,300 of the money coming into his hands by virtue of the attach-
ments, and of that realized from defendants' execution sale he kept
$99.55. In addition to the secured note for $1,000, the intervener
and prior attaching creditor has received from the sheriff $1,929.61
of the $5,400 for which the attached property sold; and his judg-
ments, amounting in the aggregate to $2,647.65, exclusive of the
statutory costs and accruing expenses, having been fully paid, his
complaint ought to have been dismissed. On the judgments of
plaintiffs, amounting in all to $2,506, they have received only $658.86,
and, without resorting to careful computation, it is very evident
that more would have been realized by virtue of plaintiffs' attach-
ments had the defendants, whose lien was subsequent, refrained
from selling the property on execution in full satisfaction of their

judgment. Consequently, the defendants have money which in good conscience belongs to plaintiffs, and in an equitable manner the amount ought to have been ascertained by the trial court, and judgment entered accordingly.

The judgment appealed from is therefore reversed and the case remanded for the following proceedings in the trial court: From the uncollected amount of plaintiffs' judgments, deduct what is still in the hands of the sheriff, including the $400 worth of accounts, but exclusive of the $1,025.72 for which that officer gave the secured note to Ask, the intervener; and then compute lawful interest on the balance from the time of commencing this suit, and let judgment be entered against the defendants in favor of plaintiffs for the amount of such balance, including interest.